## DEERING vs. COX.

The creditor of an insolvent debtor, becoming party to a general assignment of his effects in trust for the payment of his debts, which contained a clause of general release of all demands, may lawfully qualify his assent to the assignment, by limiting his signature to a certain class of his demands, excepting others from its operation.

THIS was an action of *assumpsit* on a promissory note, dated *March* 10, 1829, for $625, payable by the defendant to the plaintiff in four months with grace. The defendant pleaded a general release, in bar of the action ; to which the plaintiff, after *oyer*, demurred.

It appeared that the release was a discharge of all demands, contained in a general assignment of *Cox's* effects for the benefit of his creditors mentioned in the preceding case ; and that the plaintiff, on becoming party to the assignment, qualified his assent thus :— " *N. F. Deering* agrees to this assignment, so far as it regards all demands which he holds against said *John Cox ;* with the exception, however, of one note, dated *March* 10, 1829, signed by said *Cox*, payable to said *Deering* in four months from date, with grace, for six hundred and twenty five dollars, which note he entirely excepts from the effect of this assignment."

*N. Emery* and *Longfellow*, for the defendant, being called on by the court, argued that the exception, not being contained in the body of the instrument, was void ; 4 *Dane's Abr.* ch. 109, *art.* 4 ; and that to give it effect, would be to sanction a fraud against the other creditors.

But THE COURT held it otherwise ; and accordingly gave judgment for the plaintiff.

*Greenleaf* and *Deblois*, for the plaintiff.